UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  **DECISION AND ORDER**
 13-MR-3S
 (12-MJ-162)

ERNEST RAINEY,

                Defendant.

1. Defendant Ernest Rainey is presently detained pending trial pursuant to an order issued by United States Magistrate Judge H. Kenneth Schroeder, Jr., issued on December 21, 2012.[1] Presently before this Court is Defendant's Motion to Appeal the Magistrate Judge's decision, construed as one to review the detention order pursuant to 18 U.S.C. § 3145(b).

2. By way of Criminal Complaint, Defendant was charged with knowingly possessing cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). As asserted in the supporting affidavit to the Complaint, a digital scale, packaging material and cocaine residue were found in Defendant's residence during a search pursuant to a search warrant for Defendant's residence and vehicles. (Aff. of DEA Task Force Agent Glenn Zawierucha ¶¶ 4-6, Docket No. 4-1.) Defendant himself was stopped while in a taxi based on information that he was about to deliver four ounces of cocaine. (Id.) Defendant fled on foot from law enforcement, and upon his apprehension, four one-ounce bags of a substance field-testing positive for cocaine were discovered on his person. (Id.)

---

[1] Judge Schroeder ordered Defendant detained at the conclusion of a detention hearing on December 18, 2012, and issued a written order of detention on December 21, 2012.

1

3. Eighteen U.S.C. § 3145(b) provides the mechanism for review of a magistrate judge's detention order by a district judge. Review is *de novo*, but the district judge is permitted to use the factual and evidentiary record developed below when making an independent conclusion. See United States v. Leon, 766 F.2d 77, 80 (2d Cir. 1985).

4. Under the Bail Reform Act, 18 U.S.C. §§ 3141, et seq., pretrial detention is available only pursuant to § 3142(e). See 18 U.S.C. § 3142(a)(4); United States v. Dillard, 214 F.3d 88, 90–91 (2d Cir. 2000). This subsection expressly authorizes the pretrial detention of a defendant upon a judicial finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

5. A rebuttable presumption of both flight and dangerousness is applicable here pursuant to 18 U.S.C. § 3142(e)(3)(A). Under this provision, it is presumed, subject to rebuttal, "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" where there is probable cause to believe, as relevant, that the person committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq)." 18 U.S.C. § 3142(e)(3)(A). Here, the averments of the DEA agent in support of the Criminal Complaint furnishes probable cause to believe that Defendant committed the offense of possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1), triggering the statutory presumption. Defendant does not argue otherwise.

6. When the statutory presumption of detention exists, the defendant must present "some evidence contrary to the presumed fact in order to rebut the presumption."

United States v. Rodriquez, 950 F.2d 85, 88 (2d Cir. 1991). The government nonetheless retains the burden of persuading the court of the defendant's risk of flight by a preponderance of the evidence, see United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988), and of the defendant's dangerousness by clear and convincing evidence, see Rodriquez, 950 F.2d at 88; 18 U.S.C. § 3142(f). The remaining strength of the presumption is then weighed along with the factors set forth in 18 U.S.C. § 3142(g), which include (1) the nature and circumstances of the offense charged, including whether the offense involves a controlled substance; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including physical and mental condition, family and community ties, employment, financial resources, length of residence in the community, history of drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

7. To rebut the presumption that no condition or combination of conditions will reasonably assure against his flight or any danger to the community, Defendant argues that his wife is employed full time and she offered to sign a signature bond on behalf of Defendant; that although unemployed due to an injury, Defendant stayed active in the community by coaching a youth sports league; and that his recent criminal record did not include any felony charges. Where, as here, "a defendant introduces rebuttal evidence, the presumption, rather than disappearing altogether, continues to be weighed along with other factors to be considered when deciding whether to release a defendant." Rodriquez, 950 F.2d at 88.

8.  Initially, the drug offense charged is serious, and the evidence substantial. As noted by the Magistrate Judge, Defendant was found with four individual bags of what field-tested as cocaine, evidencing an involvement in drug dealing rather than personal use. Defendant admitted after his arrest and advisement of his rights that he "was on his way to 'work' with the cocaine and that he had just cut it up with baking soda in his house." (Supporting Aff. ¶ 7.) Further, Defendant was arrested after leaving his residence, where a digital scale and cocaine residue were found. Defendant admitted at the detention hearing that his 17-year old child lives in his residence, and his 14-year-old child is a frequent visitor. (Dec. 18, 2012 Hr. Tr. at 4, Docket No. 4-2.) In light of the fact that Defendant appears to have been dealing cocaine from a house with children, Defendant's connection with a youth sports team, offered as evidence of ties to the community, actually raises a point of concern. Defendant has also admitted to Pretrial Services that he used marijuana "a couple of days ago" and that he may test positive for cocaine use, showing a continued pattern of drug use despite multiple prior outpatient treatments. (Pretrial Services Report at 2.) It is therefore concluded that even when the statutory presumption of dangerousness is weighed with the offered rebuttal evidence, the Government met its burden of establishing by clear and convincing evidence that no condition or combination of conditions could assure the safety of the community.

9.  Defendant also highlights that his past criminal history is sporadic and concentrated in his youth. Although he correctly notes that the recent convictions are for misdemeanors, his conduct appears to be escalating from these DWI and marijuana possession convictions to cocaine use and possible sale. Further, despite his asserted ties to this community, Defendant's last possession conviction was out of state. Thus, although

Defendant's wife offered to sign a signature bond, the circumstances of Defendant's continued and escalating drug use, unemployment, prior failure to appear and attempted flight from law enforcement in the instant case are sufficient when combined with the statutory presumption to establish a risk of flight by a preponderance of the evidence.

9. Because this Court concludes that, based on the factual and evidentiary record developed before the Magistrate Judge, no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of the community, Defendant's motion for revocation of Judge Schroeder's order of detention is denied.

IT HEREBY IS ORDERED that Defendant's Motion to Appeal the Magistrate Judge's Detention Order (Docket No. 2 in 13-MR-3) is DENIED;

FURTHER, that Defendant's pretrial detention shall be maintained pursuant to 18 U.S.C. § 3142(e).

SO ORDERED.

Dated: January 27, 2013
      Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Judge